UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALONDRA RODRIGUEZ,<br><br>Defendant. | 5:21-CR-50046-KES-02<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

Defendant, Alondra Rodriguez, filed a motion under 18 U.S.C. § 3582(c)(2), requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 171. Plaintiff, the United States of America, opposes Rodriguez's motion. Docket 173. For the following reasons, Rodriguez's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Rodriguez pleaded guilty to Count 1, conspiracy to commit bank fraud, and Count 12, aiding and abetting aggravated identity theft. Docket 1 at 3, 5; Docket 60. By statute, the sentence in Count 12 must be imposed consecutively to any other counts. Docket 77 ¶ 121. Rodriguez's guideline range, based on a total offense level of 14 and a criminal history category of III, was 21-27 months in custody on Count 1 and 2 years in custody on Count 12. Docket 91-1 at 1. Rodriguez received 2 "status points" for committing the instant offense while under a criminal justice sentence. Docket 77 ¶ 80. On July 22, 2022, the court sentenced Rodriguez to 18 months on Count 1 and 24 months on Count 12, to run consecutively. Docket 91 at 2.

On March 8, 2024, Rodriguez filed a motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A because she received "status points for committing the federal offense while under supervision." Docket 171 at 1.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id*. The Commission decreed that this change applies retroactively. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

Rodriguez meets the criteria for a reduction; however, this change makes no difference because, even after a 2-point reduction, she remains in the same Guideline range. Rodriguez was in Criminal History Category III because she had a criminal history score of 6. Docket 115 at 21. After the application of the amendment to U.S.S.G. § 4A1.1(e), she would receive no "status points." Rodriguez would then have a total of 4 criminal history points, which would keep her in Criminal History Category III (Category III includes offenders with 4, 5 and 6 criminal history points). *See* U.S.S.G., Ch. 5, Pt. A. Because Rodriguez would remain in the same Criminal History Category, the amendment has no impact on her Guideline range and the court denies Rodriguez's motion.

## CONCLUSION

It is ORDERED that Rodriguez's motion (Docket 171) is DENIED.

Dated April 29, 2024.

        BY THE COURT:

        */s/ Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE